PORTER, TAYLOR, SMITH and Mc-QUADE, JJ., concur.

326 P.2d 391

**W. R. TAYLOR and Blanche Taylor, husband and wife, Plaintiffs-Respondents,**

**v.**

**P. G. NEILL, Tax Collector of the State of Idaho, Defendant-Appellant.**

No. 8657.

Supreme Court of Idaho.

May 29, 1958.

Rehearing Denied June 23, 1958.

Graydon W. Smith, Atty. Gen., Elbert E. Gass, Edward J. Aschenbrenner, Asst. Attys. Gen., for appellant.

92

Albaugh, Bloem, Barnard & Smith, Idaho Falls, for respondents.

TAYLOR, Justice.

In their 1955 state income tax return plaintiffs (respondents) listed and claimed as a deduction from gross income, medical and hospital expenses in the amount of $2,901.18, less $100. The deduction of such expenses from gross income, in computing net income, is provided for by § 63–3016 subd. a, I.C., which is in part as follows:

"In computing net income there shall be allowed as deductions:

\*   \*   \*   \*   \*   \*

"13. Under regulations promulgated by the tax collector, all reasonable ex- penses for medical, dental, surgical, hospital, and/or burial services and expenses, in excess of $100.00, actually paid during the taxable year by the taxpayer, for or on behalf of the tax- payer or for any person or persons for whom a credit is allowed under the provisions of section 63–3018."

Defendant (appellant) reduced the claim- ed deduction by the sum of $688, being the amount in which plaintiffs had been reimbursed for medical and hospital ex- penses under the terms of two insurance policies carried by them. Pursuant to the disallowance of the deduction to the ex- tent of the reimbursements, defendant levied a deficiency assessment against plain- tiffs in the sum of $49.31.

Plaintiffs protested the deficiency assess- ment to the state tax commission. After hearing, the commission affirmed the defi- ciency assessment. Plaintiffs thereupon commenced this action to have the defi- ciency assessment declared null and void.

The trial court reversed the order and defendant brought this appeal.

Plaintiffs contend they are entitled to deduct their entire medical and hospital expenses, less $100, under the provisions of § 63–3016, subd. a, par. 13, I.C., and that the reimbursement received from their in- surance carriers is not a part of gross income and is exempt under the provisions of § 63–3013(b) 4, I.C., which provides:

"(b) The term 'gross income' does not include the following items, which shall be exempt from taxation under this chapter:

\*     \*     \*     \*     \*     \*

"4. Amounts received, through accident or health insurance or under workmen's compensation acts, as compensation for personal injuries or sickness, *plus* the amount of any damages received whether by suit or agreement on account of such injuries or sickness;" (emphasis added).

Defendant contends this subsection 4 is not applicable because it exempts amounts received from insurance carriers as *compensation* for personal injuries and sickness, and does not deal with reimbursement for medical and hospital *expenses;* compensation refers only to lost wages, salary or time; compensation is money received by a taxpayer to compensate for, or take the place of, lost earnings. We agree with this generally accepted definition of compensation. However, the subsection is not limited to compensation. The use of the word "plus" indicates that something in addition to compensation is also exempt. The additional exemption is set out in the last clause of the subsection as "the amount of any damages received whether by suit or agreement on account of such injuries or sickness".

"Damages" is a broad term and includes special as well as general damages. 25 C.J.S. Damages § 2. Special damages in a personal injury action would encompass medical and hospital expenses. It is not essential to the exemption that the damages be recovered by legal action. The clause also exempts such as are received by "agreement." It is true that ordinarily damages are paid by the wrongdoer to compensate for injury done. But it is also true that such compensation may also be provided and paid for by insurance. If paid by an insurance carrier it is paid pursuant to "agreement"—the insurance contract.

The foregoing is a fair construction of the last clause of the subsection. It does not comport with reason that the legislature would exempt money received by a taxpayer in lieu of taxable income, that is, compensation for lost earnings, and at the same time fail to exempt money received, by way of special or compensatory damages, to replace losses or "expenses" actually paid out by the taxpayer on account of the same injury or sickness.

However, this decision does not rest alone upon the foregoing construction of subsection 4 of § 63–3013(b) I.C. Subsection 13 of § 63–3016, subd. a, hereinabove quoted, provides for the deduction from gross income of "all reasonable expenses for medical, dental, surgical \*  \*

expenses, in excess of $100.00, actually paid * * * by the taxpayer". Defendant does not contend that the expenses claimed were not "actually paid" by plaintiffs. Counsel stipulated that plaintiffs paid all of the expenses and that they were reimbursed or repaid $688 by the insurance companies.

Reimbursement of the taxpayer by the insurance companies under the obligation of the insurance contracts did not constitute payment of medical and hospital expenses by the insurance companies. The obligation of the insurance companies was to the taxpayer, not to the hospital, doctor, or druggist. The reimbursement was paid for by the taxpayer in premiums.

This literal interpretation of subsection 13 of § 63–3016, subd. a, is also in harmony with the construction we have given subsection 4 of § 63–3013(b), supra, and avoids the inconsistency which would exist if the construction contended for by defendant were applied. That is, under defendant's construction, the legislature would be put in the position of exempting moneys received from insurance companies to compensate for taxable income lost through injury or sickness, and refusing to exempt moneys received to compensate for or reimburse expenses actually lost or suffered by the taxpayer by reason of the same injury or sickness.

Furthermore, if the legislature, under subsection 4 of § 63–3013(b), has exempted medical and hospital expenses when reimbursed to the taxpayer by the tort-feasor, whether by suit or agreement, why would it not, under subsection 13, § 63–3016, subd. a, exempt or allow a deduction for the same expenses when reimbursed by an insurance carrier under its contract or "agreement"? In either event the taxpayer obtains reimbursement for special damages sustained on account of "such injuries or sickness".

■ The clause, "Under regulations promulgated by the tax collector" contained in subsection 13, § 63–3016, subd. a, I.C., cannot be construed as a grant of legislative power authorizing the tax collector to limit the deduction which the legislature has allowed. The regulations of the tax collector which are authorized are only such as are needful for the enforcement of the law as written by the legislature, and cannot be used to add to or detract therefrom. § 63–3065, I.C.

Section 63–3085, I.C., provides:

"For the purpose of determining gross and net income, depletion, depreciation and obsolescence, in all cases not expressly provided for in this chapter, the provisions of the most recent act of the congress of the United States, commonly known as the Federal Income Tax Act, and the rules, regulations and decisions thereunder, in so far as same are applicable and pertinent and not repugnant to or inconsistent with the express provi-

sions of this chapter, shall be the rule of decision in all courts of this state and by the tax commissioner."

Defendant urges that by virtue of the foregoing section, the federal law, which does not allow deduction of such expenses as are reimbursed by insurance, is applicable in this state.

■ The pertinent provision of the federal statute is:

"There shall be allowed as a deduction the expenses paid during the taxable year, not compensated for by insurance or otherwise, for medical care of the taxpayer, his spouse, or a dependent * * *" Title 26, U.S.C.A. Internal Revenue Code, 1954, § 213(a).

Thus, the federal statute expressly eliminates from the deduction, expenses reimbursed by insurance. The federal deduction was enacted by congress as § 23(x) of the 1939 Internal Revenue Code, 26 U.S.C.A. § 23(x). The state deduction was allowed by our legislature by the addition of subsection 13, § 63–3016, subd. a, above quoted, in 1941. Session Laws 1941, Ch. 178, p. 363. The federal provision was extant at that time. If our legislature had intended to limit the deduction to the amount of such expenses as were "not compensated for by insurance or otherwise", it would have adopted the federal provision. The fact that it did not do so is indicative of a legislative intent that the deduction should not be so limited.

It is also significant that in subsections 4 and 5 of § 63–3016, subd. a, the phrase "not compensated for by insurance or otherwise" was used by our legislature in limiting deductions authorized to cover the losses described in those subsections. This further evidences the fact that the legislature did not intend such a limitation to apply to the deduction authorized by subsection 13 subsequently enacted without such limiting phrase.

Judgment affirmed.

Costs to respondents. Sections 63–3076, 63–3403(c), I.C.

KEETON, C. J., and SMITH and McQUADE, JJ., concur.

PORTER, J., dissents.